SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
155 N. Redwood Drive, Suite 100
San Rafael, CA  94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
rwilkinson@scheerlawgroup.com
BSI.100-1102S-A

Attorneys for Lender
HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF CAM XI TRUST, its successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re: | Bk. No. 2:22-bk-14943-WB |
|---|---|
| ROSITA BELLO, | Chapter 13 |
| Debtor. | **OBJECTIONS TO CONFIRMATION OF PLAN** |
| | Hearing- 341 Meeting of Creditors<br>Date:   October 20, 2022<br>Time:  9:00am<br>Place:  Via Telephone/Videoconference |
| | Hearing- Confirmation Hearing<br>Date:  November 16, 2022<br>Time: 10:00am<br>Place: Bankruptcy Court<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br>          Courtroom 1375 |

      HMC ASSETS, LLC SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF CAM XI TRUST, its successors and/or assignees in interest ("**Lender**"), secured creditor of the above named Debtor, hereby submits these Objections to the Debtor's Chapter 13 Plan ("**Plan**").  These Objections are based on the pleadings and records on file in this matter, the Declaration of Chris Carman ("**Lender Declaration**"), the Declaration of Reilly D. Wilkinson ("**Wilkinson Declaration**") and the following memorandum.  Lender also requests that the Court take Judicial Notice of certain documents of public record and on file with this Court in

1

accordance with Federal Rule of Evidence 201, including, but not limited to Debtor's Chapter 13 Plan, and Schedules.

## I.    INTRODUCTION

This is the second bankruptcy filed by the Debtor pending within the past 2 months. Lender's predecessor filed a Motion for Relief in the prior bankruptcy. However, Debtor's prior bankruptcy was dismissed on August 25, 2022 prior to the Court issuing a ruling on the Motion for Relief.  Debtor then refiled this instant case shortly thereafter on September 9, 2022. Despite Debtor owing Lender $177,508.00 *in pre-petition arrears*, the proposed Plan provides for Debtor to make on-going payments, nothing on arrears, and categorizes Lender's claim as unsecured.

Furthermore, Debtor does not have income to fund her Plan. Debtor is relying on $1,000.00 in monthly contribution from her son. In addition, she is collecting $4,166.67 a month in "Windmill Royalties". Debtor has not provided any evidence as to this income source and is purely speculative. As these contributions should not be considered income for purposes of this Chapter 13 bankruptcy, it appears as though the Debtor will be unable to fund the proposed Plan. Accordingly, the Plan is infeasible and is an impermissible modification of claim.

## II.    FACTS

1. Lender is the current payee of a Promissory Note dated February 13, 2008 in the principal amount of $600,000.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein.  The indebtedness evidenced by the Note is secured by a Deed of Trust executed and recorded in Los Angeles County and which encumbers the real property located at **6128-6134 Gallant Street, Bell Gardens, CA 90201-5510** (the "**Property**"), the Debtor's residence[1].

2. On September 9, 2022, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:22-bk-14943-WB ("**Current Bankruptcy**"). This is the second bankruptcy filed by the Debtor pending within the last 2 months and the seventh bankruptcy pending since 2015.  Below is a summary of the prior cases:

//

---

[1] *See* Lender's Declaration, Par. 3 and 4.

2

**First Bankruptcy**

On December 8, 2015, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:15-bk-28648-SK ("**First Bankruptcy**"). Shortly thereafter, on December 15, 2015, the Court entered an Order and Notice of Dismissal due to the Debtor's failure to file initial Petition documents[2].

**Second Bankruptcy**

On June 5, 2017, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:17-bk-16891-NB ("**Second Bankruptcy**"). On July 6, 2018, a Creditor in the Second Bankruptcy, Sarla Gupta ("**Gupta**"), filed a Motion to Dismiss[3]. After hearing and argument, on August 3, 2018, the Court entered an Order Dismissing the Second Bankruptcy[4].

**Third Bankruptcy**

On November 1, 2018, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:18-bk-22918-NB ("**Third Bankruptcy**"). On February 27, 2019, Gupta filed a Motion to Dismiss the Third Bankruptcy[5]. As a result, on May 20, 2019, the Court entered an Order Granting the Motion to Dismiss with a 180-Day Bar against the Debtor from refiling[6].

**Fourth Bankruptcy**

On March 26, 2020, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:20-bk-13281-WB ("**Fourth Bankruptcy**"). On October 29, 2020, the Court entered an Order and Notice of Dismissal arising from the Confirmation Hearing[7].

**Fifth Bankruptcy**

On November 29, 2020, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:20-bk-20558-WB ("**Fifth Bankruptcy**"). On July 28, 2021, Lender's predecessor in interest filed a Motion for Relief from the Automatic Stay ("**1st MFR**")[8]. Prior to the hearing on the 1st MFR, on August 23, 2021, the Court entered an Order and Notice of Dismissal[9].

---

[2] *See* First Bankruptcy, Docket No. 12.
[3] *See* Second Bankruptcy, Docket No. 54.
[4] *See* Second Bankruptcy, Docket No. 59.
[5] *See* Third Bankruptcy, Docket No. 30.
[6] *See* Third Bankruptcy, Docket No. 66.
[7] *See* Fourth Bankruptcy, Docket No. 44.
[8] *See* Fifth Bankruptcy, Docket No. 45.
[9] *See* Fifth Bankruptcy, Docket No. 47.

3

**Sixth Bankruptcy**

On October 3, 2021, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, Case No. 2:21-bk-17694-WB ("**Sixth Bankruptcy**").  The Debtor filed a Plan in the Sixth Bankruptcy which proposed to cure $162,488.18 in arrears to Lender's predecessor in interest[10]. On November 16, 2021, Lender's predecessor in interest filed a Motion for Relief ("**2ⁿᵈ MFR**")[11]. Prior to the Court issuing a ruling on the Motion for Relief, the Prior Bankruptcy was dismissed on August 25, 2022[12].

**Current (Seventh) Bankruptcy**

    (i) Schedules:
- In Schedule A/B, Debtor lists the value of the Property as $745,900;
- In Schedule D, the Debtor lists Lender's claim in the amount of $813,232[13] and a lien in favor of Los Angeles County Tax Collector in the amount of $21,853;
- In Schedule G, the Debtor lists no unexpired leases;
- In Schedule I, the Debtor lists monthly income in the amount of $6,746.67.  This amount is comprised of:
  - $950.00 in unexplained income from either rent or a business
  - $4,166.67 in "Windmill Royalties"
  - $1,000 in "Son's Contribution"
- In Schedule J, the Debtor lists monthly expenses in the amount of $6,194.35, leaving monthly disposable income of $552.32.

    (ii) Plan:
- Debtor to make 60 months Plan payments of $3,432.20;
- Lender's Claim is listed as Class 5B as an unsecured claim to be paid directly by Debtor.

//

//

---

[10] *See* Sixth Bankruptcy, Docket No. 41.
[11] *See* Sixth Bankruptcy, Docket No. 32.
[12] *See* Sixth Bankruptcy, Docket No. 51.
[13] Debtor incorrectly lists the claim in favor of Selene Finance, LP.

4

(iii)   Claim:
- Debtor owes $177,508.00 in pre-petition arrears ("**Arrears**") to Lender[14] and the current monthly payment is $3,452.08.

(iv)   Current Performance Under the Plan:
- Debtor's first plan payment of $3,432.20 was due on 10/9/22. Debtor has not made a plan payment yet[15].

### III.   OBJECTIONS

**Infeasible Plan in Violation of 11 U.S.C. § 1325(a)(6).**

Given the claim of Lender which must be paid under the Plan, Debtor's Plan is infeasible and in violation of 11 U.S.C. § 1325(a)(6).

A. Debtor Does Not Provide for the Cure of Arrears

The Debtor has inexplicable listed Lender's claim as unsecured and failed provide for the cure of arrears owed on Lender's claim. Lender is owed $177,508.00 for Arrears, consisting of pre-petition payments, late charges and foreclosure fees as of the date of the petition. The failure to correctly include Lender's claim makes the Plan infeasible.

B. Debtor Lacks Income and is Relying on Third Party Contributions and Unexplained Income

Debtor's own Schedules show that she cannot make the payments required to pay Lender's claim in full. In fact, it appears that she cannot afford the Plan as proposed. Debtor's Schedules show disposable income of $552.32.

*First*, Debtor is relying on $1,000 per month in contributions from her son. Lender asserts that this type of plan is not confirmable. Courts in the 9th Circuit have held that "[g]ratuitous payments from family members and other third parties do not generally constitute regular income for purposes of 11 U.S.C.S. § 101(30), with some exceptions." These types of "contribution" plans have generally been held to be infeasible and in violation of 11 U.S.C. § 1325(a)(6) (See, for example, In re Deutsch, 2015 Bankr. LEXIS 1368 (Bankr. C.D. Cal. Apr. 20, 2015), holding that contribution from family members was not "regular" income as required

---

[14] *See* Lender's Declaration, Par. 6.
[15] *See* Wilkinson Dec, Par. 3.

1  to be a debtor; see also In re Welsh, 2003 Bankr. LEXIS 2246 (Bankr. D. Idaho Feb 26, 2003)).

2  Here, nothing has been provided to show the legitimacy and regularity of the contributions.

3  *Second,* the Debtor lists $950 in monthly income from the operation of a business or

4  rental income. The Debtor fails to attach a statement showing receipts, ordinary expenses and

5  total monthly net income from the business or rental. In addition, the Debtor has not listed any

6  leases in his Schedules. This income is unexplained and unreliable.

7        C.  Debtor is Already in Default on Plan Payments

8  The best indicator of future performance is past performance. This is the Debtor's

9  seventh bankruptcy filed since 2015, and the 3rd case pending in the last year. Each of those

10 prior cases were dismissed. This case was filed on September 9, 2022, less than two months ago.

11 The first plan payment of $3,342.20 was due on October 9, 2020, almost a month ago. The

12 Debtor has yet to make the payment. An additional plan payment will come due by the hearing

13 on confirmation. The fact that the Debtor cannot make her first plan payment is further evidence

14 that this Plan is not feasible.

15       **Impermissible Modification in Violation of 11 U.S.C. § 1332(b)(2).**

16 The failure to pay Lender's claim in full is in violation of 11 U.S.C. § 1325(a)(6) and is

17 not allowed by law. Also, Debtor cannot modify its claim over Lender's objections as detailed

18 herein. The failure to pay Lender's claim in full and the attempt to modify Lender's claim is in

19 violation of modification of loan, 11 U.S.C. § 1322(b)(2) and § 1325(a)(5) and is not allowed by

20 law.

21       **IV. CONCLUSION**

22 This Bankruptcy and Plan appear to be filed without a legitimate attempt to reorganize

23 and is infeasible as proposed. Wherefore, Lender prays that Debtor's Plan not be confirmed and

24 that these proceedings be dismissed.

25

26                                                 SCHEER LAW GROUP, LLP

27 DATED: November 2, 2022              /s/REILLY D. WILKINSON
                                                      #250086

28